# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CASE NO. 4:09-cr-194 |
| | § | Judge Crone |
| JULIO HERNANDO | § | |
| MOYA BUITRAGO (14) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the Joint Defense Motion to Dismiss (Dkt. #752). Having considered the relevant pleadings, the Court is of the opinion that the motion should be denied.

## BACKGROUND

On October 15, 2009, Defendants were indicted in a two-count indictment. Count One charges Defendants with conspiracy to import five kilograms or more of cocaine, and to manufacture and distribute five kilograms or more of cocaine intending and knowing that the cocaine will be unlawfully imported into the United States, in violation of 21 U.S.C. § 963. Count Two charges Defendants with manufacturing and distributing five kilograms or more of cocaine intending and knowing that the cocaine will be unlawfully imported into the United States, in violation of 21 U.S.C. § 959 and 18 U.S.C. § 2.

On September 23, 2012, Defendants filed this joint motion to dismiss (Dkt. #752). On September 24, 2012, the United States filed a response (Dkt. #770). On September 25, 2012, Defendant Moya Buitrago filed a response to Government's reply (Dkt. #772). Also on September 25, 2012, the United States filed a supplemental response (Dkt. #778). On September 25, 2012, Judge Crone referred the motion to the undersigned for consideration and a determination or recommended disposition (Dkt. #775). On September 26, 2012, Defendant Moya Buitrago filed

another response (Dkt. #794).

Defendants seek dismissal based upon the following grounds: (1) improper venue and lack of extra-territorial jurisdiction by the Court as to Count One[1]; and (2) improper venue and jurisdiction for Count Two, asserting proper venue is in the District of Columbia based upon the initial entry into the United States being via Guantanamo Bay, Cuba, a special territory of the United States.[2]

Defendants assert that dismissal is proper based upon improper venue and lack of extra-territorial jurisdiction pursuant to *United States v. Cobar*, No. 05-451, 2006 WL 3289267 (D.D.C. Nov. 9, 2009).

The Government asserts that venue is proper in the Eastern District of Texas because when they were extradited, their plane landed in the Eastern District of Texas. The Government asserts that venue is proper under 21 U.S.C. § 959(c) and 18 U.S.C. § 3238.

Generally, venue is proper in the district where the offense was committed. Fed. R. Crim. P. 18. However, pursuant to 21 U.S.C. § 959(c), venue is proper as follows:

> **(c) Acts committed outside territorial jurisdiction of United States; venue**
> This section is intended to reach acts of manufacture or distribution committed outside the territorial jurisdiction of the United States. Any person who violates this section shall be tried in the United States district court at the point of entry where such person enters the United States, or in the United States District Court for the District of Columbia.

21 U.S.C. § 959(c).

Defendants assert that 21 U.S.C. § 963 does not contain a special venue provision like section 959, which requires the Court to conduct a separate venue analysis for charges of conspiracy and the

---

[1] Defendants Jaime Gonzalo Castiblanco Cabalcante (9), Julio Hernando Moya Buitrago (14), Oscar Oralando Barrera Pineda (15) and Roberth William Villegas Rojas (22) join in this ground for dismissal of Count One.

[2] Defendants Moya Buitrago (14) and Villegas Rojas (22) join in this ground for dismissal.

underlying substantive offense. The Government argues that because section 963 charges a conspiracy to violate section 959, it follows that the special venue provision of section 959 would apply to a section 963 charge.

Although a novel argument[3], the Court does not have to address it because it is clear that venue would be proper pursuant to 21 U.S.C. § 3238[4] for the alleged violation of section 963. *See United States v. Erwin*, 602 F.2d 1183, 1185 (5th Cir. 1979).[5]

The Government asserts that the evidence will show that Defendant first entered the United

---

[3] Defendants ask the Court to follow *United States v. Cobar*, No. 05-451, 2006 WL 3289267 (D.D.C. Nov. 9, 2009). As the Government correctly points out, this decision is not binding on the Court. Furthermore, another judge of the District of Colombia issued a decision finding that venue was appropriate under section 963 utilizing section 959. *See United States v. Mejia*, No. 99–389, 2002 WL 33929076, at *3 n.3 (D.D.C. May 14, 2002). The Court declines to follow *Cobar*. Although the Court does not need to decide whether the Government's argument that, given the unique nature of section 959, it would be logical to read it in conjunction with section 963, the Court does think the Government's argument has merit.

[4] **Offenses not committed in any district**

The trial of all offenses begun or committed upon the high seas, or elsewhere out of the jurisdiction of any particular State or district, shall be in the district in which the offender, or any one of two or more joint offenders, is arrested or is first brought; but if such offender or offenders are not so arrested or brought into any district, an indictment or information may be filed in the district of the last known residence of the offender or of any one of two or more joint offenders, or if no such residence is known the indictment or information may be filed in the District of Columbia.

18 U.S.C. § 3238. Although Defendants assert that section 959(c) does not apply to a charge under section 963 based upon the District of Colombia decision in *Cobar*, the Court would note that a later opinion from that court found that even if section 959(c) was not applicable, section 3238 would apply to a section 963 charge. *See United States v. Torres-Garcia*, No. 05-267, 2007 WL 1207204, at *6-8 (D.D.C. April 24, 2007).

[5] Defendants assert that section 3228 would not apply because the Government has alleged an overt act occurred in the Southern District of Texas. Defendants cite no authority for this proposition, and the Court rejects it. "That venue may also be appropriate in another district will not divest venue properly established under § 3238." *Erwin*, 602 F.2d at 1185; *United States v. Pendleton*, 658 F.3d 299, 304 (3rd Cir. 2011). In *Pendleton*, the Third Circuit considered whether § 3238 applies when a defendant commits part of his offense within the United States and part of his offense overseas. The Third Circuit applied *United States v. Rodriguez–Moreno*, 526 U.S. 275, 280 (1999) to identify the conduct constituting the offense and then to figure out the location of the criminal acts. The Third Circuit concluded that the crux of defendant's offense was committed out of the jurisdiction of any district and applied section 3238.

States when he was extradited to the United States and his plane landed in the Eastern District of Texas. The Court agrees that, based upon this representation, Defendant first landed in the Eastern District of Texas, making venue proper in this District pursuant to section 3238.

Defendant Moya Buitrago does assert that venue is only proper in the District of Columbia because his airplane refueled in Guantanamo Bay, Cuba. The Government asserts that this argument has been rejected by the 11th Circuit in *United States v. Ahumedo-Avendano*, 872 F.2d 367, 370 (11th Cir. 1989). The Fifth Circuit has not addressed this issue, and the Court will follow the 11th Circuit's decision in *Ahumedo-Avendano*. Defendant points to the United States Supreme Court's decision in *Rasul v, Bush*, 542 U.S. 466, 480 (2004) to support his notion that Guantanamo Bay, Cuba, is part of the United States. Defendant's reliance is misplaced. *Rasul* did not address the issue before the Court. *Rasul* addressed the issue of habeas corpus relief to aliens being detained at Guantanamo Bay, Cuba.[6] Defendant first entered this district when he landed in McKinney, Texas, which is within the Eastern District of Texas. Therefore, venue is proper under section 3228, and the motion to dismiss based upon improper venue should be denied.

## RECOMMENDATION

The Court recommends that the Joint Defense Motion to Dismiss (Dkt. #752) be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve

---

[6] The Supreme Court stated as follows:

By the express terms of its agreements with Cuba, the United States exercises "complete jurisdiction and control" over the Guantanamo Bay Naval Base, and may continue to exercise such control permanently if it so chooses. 1903 Lease Agreement, Art. III; 1934 *481 Treaty, Art. III. Respondents themselves concede that the habeas statute would create federal-court jurisdiction over the claims of an American citizen held at the base. Tr. of Oral Arg. 27. Considering that the statute draws no distinction between Americans and aliens held in federal custody, there is little reason to think that Congress intended the geographical coverage of the statute to vary depending on the detainee's citizenship. Aliens held at the base, no less than American citizens, are entitled to invoke the federal courts' authority under § 2241.

*Rasul*, 542 U.S. at 480. The Court fails to see how Rasul applies to the case of venue in a case under 21 U.S.C. § 963.

and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 27th day of September, 2012.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE